UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 2 8 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:18CR572 AGF/NCC |
| MICHAEL RUDOLPHI, | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT ONE
### (Wire Fraud)

The Grand Jury charges that:

1. At some time unknown to the Grand Jury but by at least the beginning of August 2012 and continuing until at least the end of 2015 ("the relevant timeframe"), the defendant, Michael Rudolphi ("Rudolphi"), devised a scheme and artifice to defraud and to obtain money from Accenture Corporation ("Accenture") by means of false and fraudulent promises, pretenses and representations.

2. At all times relative to this indictment, Accenture was a professional consulting firm. In or about December 2011, Accenture hired Rudolphi as a level 8 consultant based out of its Saint Louis, Missouri office.

3. In August 2012, Rudolphi began a scheme to defraud Accenture by falsely claiming reimbursement for travel expenses that he had not incurred. As part of the scheme to defraud, Rudolphi began submitting false claims for training related expenses and supplying falsified supporting documentation.

4. It was part of the scheme to defraud that Rudolphi created false PayPal email confirmation receipts along with false documents purportedly showing the cost of training for reimbursement. These email confirmation receipts generally contained formatting errors and other inconsistencies, which indicated that the email confirmation receipts were manipulated. It was further part of the scheme to defraud that Rudolphi created and altered several bank statements as purported proof of payment for reimbursement.

5. It was further part of the scheme to defraud that Rudolphi submitted approximately 150 false PayPal email confirmation receipts for fraudulent travel expenses resulting in a loss of approximately $195,000 to Accenture during the relevant timeframe.

6. On or about November 12, 2015, within the Eastern District of Missouri, in furtherance of the aforesaid scheme to defraud and for the purpose of executing the scheme,

**MICHAEL RUDOLPHI,**

the defendant, herein, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, between locations in the State of Virginia and the Eastern District of Missouri, writings, signs and signals, to wit: a falsified PayPal receipt claiming reimbursement in the amount of $850.00 for fictitious training, sent to Accenture's headquarters and generating a reimbursement payment from Accenture's computer servers located in the State of Virginia while Rudolphi was physically located in the Eastern District of Missouri.

In violation of Title 18, United States Code Section 1343.

### COUNT TWO
### (Wire Fraud)

The Grand Jury further charges that:

7. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 5 as if

fully set forth herein.

8. On or about October 13, 2015, within the Eastern District of Missouri, in furtherance of the aforesaid scheme to defraud and for the purpose of executing the scheme,

**MICHAEL RUDOLPHI,**

the defendant, herein, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, between locations in the State of Virginia and the Eastern District of Missouri, writings, signs and signals, to wit: a falsified PayPal receipt claiming reimbursement in the amount of $995.00 for fictitious training, sent to Accenture's headquarters and generating a reimbursement payment from Accenture's computer servers located in the State of Virginia while Rudolphi was physically located in the Eastern District of Missouri.

In violation of Title 18, United States Code Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I and II, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $195,000.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                         A TRUE BILL.


                                           _____

                                         FOREPERSON

JEFFREY B. JENSEN  
United States Attorney


_____  
DIANNA R. COLLINS  
Assistant United States Attorney